UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| JENNIFER N. FOURNIER, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | Case No. 20-2602-EFM |
| HY-VEE, INC., et al. | ) ) ) | |
| Defendants. | ) ) | |

## ORDER REFERRING CASE TO MEDIATION AND APPOINTING COUNSEL

The plaintiff in this employment-discrimination case has filed a motion for appointment of counsel (ECF No. 22). After reviewing the record, the court refers this case to mediation and grants plaintiff's motion, but only to the extent it seeks counsel to assist her up to and through the completion of mediation.[1]

As an initial matter, the court notes plaintiff has stated an intent to file a second amended complaint. Her second amended complaint is ordered due by **July 23, 2021**. Counsel for defendant Hy-Vee, Inc. has agreed to accept service of the second amended complaint.[2] Per the parties' agreement, a response to the second amended complaint must be filed within **21 days** after service.[3]

---

[1] Plaintiff is not precluded from seeking the continued appointment of counsel should this case not conclude at mediation.

[2] *See* ECF No. 12.

[3] *Id.*

1

As authorized by 28 U.S.C. § 652, the court refers this case to mediation under D. Kan. Rule 16.3(c)(1). Plaintiff has demonstrated she is indigent,[4] so the mediation will be conducted on a pro bono basis pursuant to D. Kan. Rule 16.3(f). The court appoints Angela D. Gupta of ADR Associates as the mediator. The mediator is responsible for arranging the pre-mediation conference and, after consulting with all parties, fixing the date and place of the mediation within **90 days** of this order. Counsel must promptly respond to and cooperate fully with the mediator with respect to scheduling the pre-session phone conference and the mediation session. An ADR report must be filed by defense counsel within 14 days of completion of the mediation, using the form located on the court's website:

*http://www.ksd.uscourts.gov/adr-report/*

Although there is no constitutional right to appointed counsel in civil cases,[5] 28 U.S.C. § 1915(e)(1) grants district courts the discretion to appoint counsel to any person unable to afford counsel.[6] Plaintiff has demonstrated an inability to afford counsel,[7] and the court finds it prudent to appoint counsel to represent plaintiff through the completion of mediation. The court hereby appoints Stacey R. Gilman and Megan Costello of the law

---

[4] *See* ECF Nos. 3 & 23.

[5] *Cox v. Ann*, 924 F. Supp. 2d 1269, 1279 (D. Kan. 2013) (citing *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989) ("There is no constitutional right to appointed counsel in a civil case.")).

[6] *See Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004).

[7] *See* ECF Nos. 3 & 23.

firm of Berkowitz Oliver LLP in Kansas City, Missouri, to represent plaintiff. The Clerk is directed to enter Ms. Gilman's and Ms. Costello's appearances on behalf of plaintiff. Counsel are advised that they may be entitled to reimbursement of certain expenses, as discussed in D. Kan. Rule 83.5.3(f).

Formal discovery is hereby stayed until the conclusion of mediation. However, the court encourages the parties to voluntarily exchange all relevant information in the interest of making mediation as productive as possible.

IT IS SO ORDERED.

The Clerk is directed to mail a copy of this order to plaintiff by regular mail, and to e-mail a copy of the order to Ms. Gupta, Ms. Gilman, and Ms. Costello.

Dated June 30, 2021, at Kansas City, Kansas.

 s/ James P. O'Hara  
James P. O'Hara  
U.S. Magistrate Judge